**FILED**
**Jan 07, 2020**
**11:07 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES PETTIFORD, | ) | Docket No. 2019-06-0897 |
| Employee, | ) | |
| v. | ) | |
| EXPRESS SERVICES, INC., | ) | State File No. 28048-2018 |
| Employer, | ) | |
| And | ) | |
| NEW HAMPSHIRE INSURANCE | ) | Judge Pamela B. Johnson |
| COMPANY, | ) | |
| Carrier. | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGEMENT

This case came before the Court on January 6, 2020. Express Services moved for summary judgment on the basis that no genuine issue of material fact exists regarding the timeliness of the filing of his petition, thereby entitling it to a judgment as a matter of law. For the reasons below, the Court grants summary judgment and dismisses Mr. Pettiford's claim with prejudice.

### Procedural History and Material Facts

Mr. Pettiford suffered a right-leg laceration on March 22, 2018, while working for Express Services. On March 26, Express Services denied Mr. Pettiford's claims on an intoxication defense and did not pay any workers' compensation benefits on his claim. Mr. Pettiford did not seek further benefits until July 17, 2019, when he filed a Petition for Benefit Determination (PBD).

Following issuance of the Dispute Certification Notice, Express Services filed this summary judgment motion on grounds that the one-year statute of limitations barred Mr. Pettiford's claim.[1] A Statement of Undisputed Material Facts and Memorandum of Law

---

[1] Express Services first moved for summary judgment on October 18, 2018, before the Dispute Certification Notice was filed. The Court denied the motion on November 1, 2019, due to lack of subject-matter jurisdiction under Tennessee Code Annotated section 50-6-236(d)(3)(A) (2019).

1

accompanied the summary judgment motion.[2] Express Services argued it was entitled to summary judgment because Mr. Pettiford failed to establish that he filed his PBD before the statute of limitations expired. Mr. Pettiford did not file a response to the motion or appear for arguments on the motion.

## Findings of Fact and Conclusions of Law

Tennessee Rule of Civil Procedure 56.04 (2019) states summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, Express Services must either submit affirmative evidence to negate an essential element of Mr. Pettiford's claim or demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Express Services satisfies its burden, then Mr. Pettiford "may not rest upon the mere allegations or denials of [his] pleading" but must respond by producing facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06.

Here, Mr. Pettiford failed to respond to the motion or appear for the motion hearing. While that failure does not mandate entry of summary judgment, it does prevent him from disputing any of the facts in Express Services's statement of material facts. *See United Servs. Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, *4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes.").

Express Services established that Mr. Pettiford suffered an injury on March 22, 2018, which it denied on March 26 and paid no workers' compensation benefits. Mr. Pettiford did not pursue benefits until he filed his PBD on July 17, 2019, more than fifteen months after his work injury. Express Services argued Mr. Pettiford's statute of limitations expired on March 22, 2019.

The Workers' Compensation Law provides that when the employer has not paid workers' compensation benefits, the right to compensation "shall be forever barred, unless . . . a petition for benefit determination is filed with the bureau . . . within one year after the accident resulting in injury." Tenn. Code Ann. § 50-6-203(b)(1).

The record establishes that Mr. Pettiford suffered a work injury on March 22, 2018, but he did not file his PBD until July 17, 2019, more than one year after his injury.

---

[2] Counsel for Express Services sent Mr. Pettiford, who is self-represented, a copy of Tennessee Rules of Civil Procedure 56 as required by Tennessee Compilation Rules and Regulations 0800-02-21-.18(1)(a) (August, 2019).

Having carefully reviewed the evidence in a light most favorable to Mr. Pettiford, the Court concludes Express Services affirmatively negated an essential element of Mr. Pettiford's claim. Accordingly, the Court holds Express Services is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court grants Express Service's motion for summary judgment and dismisses Mr. Pettiford's claim with prejudice to its refiling.

2. Absent an appeal, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Express Services under Tennessee Compilation Rules and Regulations 0800-02-21-.06, for which execution may issue as necessary. Express Services shall pay the filing fee within five business days of the order becoming final.

4. Express Service shall file a Statistical Data form, form SD-2, with the Court Clerk via email at wc.courtclerk@tn.gov within ten business days of this order becoming final.

**ENTERED January 7, 2020.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of the Compensation Order Granting Summary Judgment was sent as indicated on January 7, 2020.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Charles Pettiford, Self-Represented Employee | X | X | 715 Fowler Street Clinton, TN 37716 epettiford2@aol.com |
| Gregory H. Fuller, Peter Frech, Employer's Attorneys | | X | ghfuller@mijs.com ppfrech@mijs.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

4



## COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____ day of_____ , 20___ .

[Signature of appellant or attorney for appellant]    _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

Groceries        $ _____ per month          Telephone       $ _____ per month

Electricity      $ _____ per month          School Supplies $ _____ per month

Water            $ _____ per month          Clothing        $ _____ per month

Gas              $ _____ per month          Child Care      $ _____ per month

Transportation   $ _____ per month          Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____          (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____          (FMV) _____

Other                   $ _____          Describe:_____

11. My debts are:

Amount Owed                         To Whom

_____                 _____

_____                 _____

_____                 _____

_____                 _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                    RDA 11082